■ EDWARD J. HODGSON, Appellant, v. STEFAN UBFAL, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court at Trial Term, entered in Essex County on June 19, 1954, in favor of defendant, upon a jury verdict of no cause of action in an automobile negligence case. Plaintiff was a passenger in a pick-up truck being driven by one Scriver in a northerly direction on Route 9 when the truck collided with a car owned and operated by defendant which was proceeding in the opposite direction. The accident happened about five miles south of Elizabethtown, New York, on a gradual curve and a substantially level road. As the defendant proceeded south just prior to the accident he came upon a place where water overflowed the road to a depth of approximately one foot for a considerable distance, then there was bare, unobstructed road for a distance of four or five hundred feet, then another area of water covered road where road men were working. Just north of this second water area two cars which had been flagged down because of one-way traffic were standing in the west lane of the highway headed south. A flagman was stationed about two rods north of these standing cars to control south-bound traffic, and another was stationed south of the pool of water to control northbound traffic. There was also a road machine near the point, but its exact location does not appear. The Scriver truck, in which plaintiff was a passenger, had stopped south of the southerly water area and then proceeded northerly upon direction of the flagman, concededly at a very slow speed and on its own side of the road. Defendant had stopped before entering the northerly water area and at that time his brakes worked properly. Defendant then proceeded through the water and continued south. He did not test his brakes after passing through the water. Defendant testified that he was proceeding at twenty to twenty-five miles per hour; that he saw the flagman and the two standing cars when he was about 150 feet from them; that when he was 100 feet from them he applied his foot brake, then his hand brake, and that neither worked; that he did not change the direction of his car until he was nearly upon the rear of the standing cars and then turned suddenly to his left, across a double white line and collided with the truck in which plaintiff was riding in the east traffic lane, with sufficient force to cause plaintiff to be thrown out and to the pavement. Aside from plaintiff's testimony, there is testimony by the flagman who was stationed to the north of the standing cars that defendant was approaching very fast; that he tried to flag the defendant down when he was four or five hundred feet away, and that defendant's speed was not reduced. Under these circumstances, with no substantial dispute as to the facts, we think a finding that defendant was free from negligence is against the weight of evidence. There is no claim and no evidence of contributory negligence on the part of plaintiff. Judgment reversed on the law and facts, and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.